
**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Civil Action No. 05-05935 (FLW) |
| v. | : | |
| DENNIS J. WALL, | : | **MEMORANDUM OPINION** |
| Defendant. | : | |

**WOLFSON, United States District Judge**

Presently before the court is the motion of plaintiff, the United States of America ("Government"), for summary judgment regarding its claims against the taxpayer, Dennis J. Wall ("Defendant"). For the reasons set forth below, the Government's motion is granted.

**I.    BACKGROUND**

This matter arises out of an action in which the Government seeks to reduce to judgment certain income tax, penalty and interest assessments against the Defendant for the tax years 1987, 1988, 1989, 1990, 1991, 1992 and 1998. The table below sets forth

the dates the Internal Revenue Service ("IRS") made income tax assessments against Defendant for each of those tax years.

| Tax Year | Assessment Date | Amount Due |
|---|---|---|
| 1987 | 1/01/96 | $14,603.34 |
| 1988 | 2/26/96 | $14,133.84 |
| 1989 | 4/08/96 | $5,829.82 |
| 1990 | 2/26/96 | $8,514.41 |
| 1991 | 3/04/96 | $1,020.52 |
| 1992 | 1/01/96 | $358,502.11 |
| 1998 | 12/27/99 | $4,951.74 |

Defendant only disputes the Government's motion for summary judgment with respect to the 1992 tax year.

The pertinent facts follow. A delegation order, BSC-63 (rev. 9), was issued by the Director of the Brookhaven Service Center ("BSC") on January 4, 1995, authorizing the Assistant Director; the Chief, Management and Accounting Division; and the Chief, Accounting Branch to sign and certify summary record of assessments. (Kelly Decl. Ex. B). The order explicitly states that this authority may not be re-delegated. Id. at 3. Thereafter, on March 15, 1995, a delegation order was issued from the Chief, Accounting Branch to all section chiefs, stating that during "unforeseen absences in the normal course of business" the authority to sign summary record of assessments is delegated to the Chief, Accounting Control Section, as well as to his other section chiefs. (Sinclair Decl. Ex. A).

The summary record of assessment for Defendant's 1992 tax year was made at

the BSC on January 1, 1996. The person who signed the summary record of assessment was Sharon D'Angelo, the Section Chief of the Accounting Control Section and the acting Accounting Branch Chief of the BSC at the time the assessment was made. (Sinclair Decl. at ¶3-4). During this period the Accounting Branch Chief was away. Id. at ¶4. Defendant asserts that Ms. D'Angelo acted without authority and thus, challenges the assessment.

## II.   STANDARD OF REVIEW

A party seeking summary judgment must "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Kreschollek v. S. Stevedoring Co., 223 F.3d 202, 204 (3d Cir. 2000). In deciding whether summary judgment should be granted, the Court considers "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits," Fed. R. Civ. P. 56(c), and construes all facts and inferences in the light most favorable to the nonmoving party. Curley v. Klem, 298 F.3d 271, 276-77 (3d Cir. 2002). The Court's function "at the summary judgment stage . . . is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). To successfully defend against a motion for summary judgment, a plaintiff cannot merely rely on the unsupported allegations of the complaint, and must present more than the "mere existence of a scintilla of evidence" in his favor. Id. at 252.

## III.   DISCUSSION

The government seeks summary judgment to recover on various tax assessments

made against Defendant based upon certain certificates of assessment compiled at the BSC. There is no issue regarding the calculation of the assessment, and the only disputed issue before the court is whether the summary record of assessment for Defendant's 1992 tax year was signed by a properly authorized IRS official.

A.     **Method of Assessment**

The method for assessing taxpayer liability is found in § 6203 of the Internal Revenue Code. It states in pertinent part that "[t]he assessment shall be made by recording the liability of the taxpayer in the office of the Secretary in accordance with the rules or regulations prescribed by the Secretary." I.R.C. § 6203 (2005). The Treasury regulations promulgated pursuant to § 6203 state that

> [t]he district director and the director of the regional service center shall appoint one or more assessment officers. . . . The assessment shall be made by an assessment officer signing the summary record of assessment. The summary record, through supporting records, shall provide identification of the taxpayer, the character of the liability assessed, the taxable period, if applicable, and the amount of the assessment. . . . The date of the assessment is the date the summary record is signed by an assessment officer.

Treas. Reg. § 301.6203-1. "[T]he IRS makes an assessment by preparing a signed summary record, known as a 'Form 23C.'" U.S. v. Sitka, 1994 WL 389473, *3 (D. Conn. May 19, 1994); see Huff v. U.S., 10 F.3d 1440, 1446 n. 5 (9th Cir. 1993); Geiselman v. U.S., 961 F.2d 1, 5 (1st Cir. 1992), cert. denied, 506 U.S. 891 (1992). To accompany the summary record of assessment, "the IRS will often prepare a certificate of assessments and payments, referred to as a 'Form 4340.'" Sitka, 1994 WL 389473 at *3.

**B.     Presumption of Correctness:  Certificates of Assessments**

The government offers a certificate of assessment for Defendant's 1992 tax year. The Third Circuit has held that such "assessments are generally presumed valid and establish a prima facie case of liability against a taxpayer." Freck v. Internal Revenue Service, 37 F.3d 986, 991 n. 8 (3d Cir. 1994); U.S. v.Mazzara, 530 F. Supp. 1380, 1382 (D.N.J. 1982) (affidavit by I.R.S. officer detailing defendant's tax liability is entitled to a presumption of correctness).  "A prerequisite to the presumption, however, is that the Form 4340 contain a '23C date,' i.e., a date indicating when the Form 23C was signed." Id.; see Geiselman, 961 F.2d at 5-6; Brewer v. U.S., 764 F. Supp. 309, 315-16 (S.D.N.Y. 1991).  Once such valid certificates of assessment are presented the defendant taxpayer bears the burden of production and the burden of persuasion.  Psaty v. U.S., 442 F.2d 1154, 1159-60 (3d Cir. 1995); U.S. v. Jones, 877 F. Supp. 907, 913 (D.N.J. 1995).  On this matter, the Government has produced uncontested certificates of assessment. (Blaskopf Decl. Ex. A, B, C).  These certificates in and of themselves form a presumption of correctness as noted in Freck, Mazzara and Geiselman.

**C.     Validity of Summary Record of Assessment**

Despite the government's failure on this motion to attach the underlying summary record of assessments, a presumption of validity regarding the assessment would still arise as long as the proper certificates of assessment are produced and Defendant fails to raise any "substantive challenge to the correctness or validity of the assessments noted on the certificates." In the Matter of Rosemiller, 188 B.R. 129, 138 (Bankr. D.N.J. 1995); see Geiselman, 961 F.2d at 5-6.  Defendant's opposition does not challenge the IRS' calculation of Wall's 1992 tax liability.  On the contrary, Defendant bases his opposition

on the premise that the summary record of assessment was signed by an IRS official without proper authorization.

The IRS issued a field service advisory containing a private letter ruling discussing the importance of a signature on such assessments because "[t]he signature of the assessment officer on the summary record of assessment validates the form and is critical to making a valid assessment of tax liability."  I.R.S. Priv. Ltr. Rul. 200123009, *4 (Feb. 28, 2001).  In addition, the Fifth Circuit, which has decided the most frequently cited case addressing the lack of a proper signature in tax assessments, Brafman v. U.S., 384 F.2d 863, 865-66 (5th Cir. 1967), held that where an assessment certificate is not signed, it renders the assessment invalid.  The court noted that while it can be viewed as a technical defense, the government is bound by the tax code provisions just as the taxpayer; and thus any suit for collection of a deficiency is barred by the statute of limitations[1] absent a proper signature.  Id. at 867-68; see Boyd v. U.S., 439 F. Supp. 907, 910 (E.D. Pa. 1977) (where there was no evidence on the record to show that an assessment was properly signed, summary judgment for the government was inappropriate).  The facts of Brafman can be distinguished from those in the present case because here there was an actual signature on the assessment in question, and furthermore the government presented evidence in the form of a declaration by Ms. Sinclair, attesting to the signatory's (Ms. D'Angelo, Section Chief of the Accounting Control Section) proper authority to sign such documents.

The Defendant also argues that an issue of fact remains as to the validity of the

---

[1] "[T]he amount of any tax imposed by this title shall be assessed within 3 years after the return was filed."  I.R.C. § 6501.

summary record of assessment because Ms. D'Angelo signed the Defendant's summary record of assessment as the acting Accounting Branch Chief. However, when an acting assessment officer signs a summary record of assessment, the assessment is validly made. See e.g., Gentry v. U.S., 962 F.2d 555, 557 (6th Cir. 1992). The facts of the present case are similar to those which the court approved in Gentry. Ms. D'Angelo was delegated authority through a delegation order issued by the Accounting Branch Chief. This authorized Ms. D'Angelo to be an acting assessment officer at the time she signed the summary of record assessment for the Defendant's 1992 tax year, just as the IRS official in Gentry. Thus, the summary record of assessment was validly signed by Ms. D'Angelo.

    Lastly, Defendant brings to the court's attention that the BSC-63 (rev. 9) delegation order specifically stated that the authority to sign a summary of record assessment may not be re-delegated. Defendant argues that BSC-63 (rev. 9) supercedes the subsequent delegation order from the Accounting Branch Chief, delegating to his section chiefs (including Ms. D'Angelo), the authority to sign summary of record assessments in his absence. While this issue may be one of first impression in this circuit, the Federal Circuit has squarely dealt with the issue. The Federal Circuit held that where a delegation order prohibiting re-delegation of the authority to enter into written settlement agreements is subsequently followed by a delegation order allowing an inferior employee to serve as acting during his absence, the employee has the requisite authority to act in his place. Grossman v. U.S., 95 Fed. Appx. 356, 357-58 (Fed. Cir. 2004). In the context of the prohibition of re-delegation, the court distinguished a permissible re-delegation order authorizing an employee acting in the official's absence

as opposed to an impermissible re-delegation order that authorized another employee to take action when the original official was still available.  Id.  Since the Accounting Branch Chief's delegation order in this case falls into the permissible category,[2] this court holds that Ms. D'Angelo had the proper authority to sign Defendant's 1992 tax year summary record of assessment and that such assessment was valid.

IV.    CONCLUSION

For the reasons discussed above, Plaintiff's motion for summary judgment is granted and Plaintiff may recover $407,555.78 in tax liability.  An appropriate order will follow.

<div style="text-align: right;">
s/ Freda L. Wolfson<br>
Honorable Freda L. Wolfson<br>
United States District Judge
</div>

Dated: October 4, 2007

---

[2]     Note that during this period the Accounting Branch Chief was away.